JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 24-6655 PA (JCx) | Date | August 12, 2024 |
|---|---|---|---|
| Title | Lisa Morgan v. Disney Entertainment, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendants Disney Entertainment, LLC, Hop Skip & Jump Productions, Inc., Angela Peralta, Jacqueline Kolompar, and Dan Coffie (collectively "Defendants"). Defendants assert that this Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the preemption provided by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons stated below, the Court finds that Defendants have failed to plausibly allege that this Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-6655 PA (JCx) | Date | August 12, 2024 |
|---|---|---|---|
| Title | Lisa Morgan v. Disney Entertainment, LLC, et al. | | |

"artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Section 301 of the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted section 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985). This preemption of state claims "extend[s] beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. at 210-11. However, the scope of section 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement [("CBA")], is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12. "In order to help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-6655 PA (JCx) | Date | August 12, 2024 |
|---|---|---|---|
| Title | Lisa Morgan v. Disney Entertainment, LLC, et al. | | |

2000) (citing Livadas v. Bradshaw, 512 U.S. 107, 123-26, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994)). In particular, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas, 512 U.S. at 124 (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)). "[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." Lingle, 486 U.S. at 409-10.

Accordingly, preemption under section 301 requires a two-step analysis. Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 920-22 (9th Cir. 2018) (en banc); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Burnside, 491 F.3d at 1059. "If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement, whether sounding in contract or in tort—it is, in effect, a CBA dispute in state law garb, and is preempted. In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate." Alaska Airlines, 898 F.3d at 921 (footnote, citations, and internal quotation marks omitted). "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." Id. (citations omitted).

If the right asserted by the plaintiff is conferred by state law, the Court proceeds to the second step, in which it must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective-bargaining agreement." Burnside, 491 F.3d at 1059 (quoting Caterpillar, 482 U.S. at 394). If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the claim is substantially dependent thereon and is preempted by section 301. Id. at 1060. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (alteration omitted) (quoting Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc))). "[It is not] enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language – for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights." Alaska Airlines, 898 F.3d at 921-22 (alterations, citations, and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-6655 PA (JCx) | Date | August 12, 2024 |
|---|---|---|---|
| Title | Lisa Morgan v. Disney Entertainment, LLC, et al. | | |

Here, Plaintiff's operative First Amended Complaint alleges five causes of action against Defendants: (1) Discrimination in Violation of California's Fair Employment and Housing Act ("FEHA"); (2) Creation of Hostile Work Environment in Violation of FEHA; (3) Retaliation; (4) Wrongful Discharge in Violation of Public Policy; and (5) Violation of California Labor Code § 1198.5. (Docket No. 1-12.)[1] Defendants contend that although Plaintiff pleads all five of her causes of action as state law claims, her first, second, third, and fourth causes of action are preempted by § 301 of the LMRA because they are each "inextricably intertwined" with one or more CBA(s) governing the terms and conditions of Plaintiff's employment. In particular, Defendants argue that the Court would need to interpret the CBA(s) in order to determine whether Plaintiff was in fact "terminated" and, if so, whether Defendants had a legitimate business reason for terminating Plaintiff's employment. (Docket No. 1 at pgs. 9-14.) Defendant's arguments are unpersuasive.

First, the Ninth Circuit has repeatedly held that § 301 does not preempt FEHA claims, even where a CBA contains provisions that may be relevant to such claims. See Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007); Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1522-1528 (9th Cir. 1995); Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993); Cook v. Lindsay Olive Growers, 911 F.2d 233, 237-38 (9th Cir. 1990); Jackson v. S. Cal. Gas Co., 881 F.2d 638, 643-44 (9th Cir. 1989); Ackerman v. W. Elec. Co., 860 F.2d 1514, 1517-18 (9th Cir. 1988). Similarly, the Ninth Circuit has held that a claim for wrongful termination in violation of public policy "is not preempted if it 'poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship.'" Brown v. Brotman Med. Ctr., Inc., 571 F. App'x 572, 575 (9th Cir. 2014) (quoting Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1001 (9th Cir. 1987)). California has established a clear public policy against workplace discrimination, and a wrongful termination claim premised on allegations of racial discrimination furthers the state's interest in preventing workplace discrimination. See id.; Jackson v. S. California Gas Co., 881 F.2d 638, 644 (9th Cir. 1989) (holding wrongful discharge claim based on alleged racial discrimination was not preempted under § 301).

Second, Defendants fail to plausibly allege that resolution of Plaintiff's claims will require interpretation of, rather than mere reference to, the CBA(s). Plaintiff alleges that Defendants discriminated against her based on her race, maintained a hostile work environment, retaliated against her, and terminated her employment in violation of public policy. While Defendants raise questions as to whether the end of Plaintiff's employment constituted a

---

[1] Plaintiff's Labor Code Claim appears to be erroneously labeled as an Intentional Infliction of Emotional Distress Claim in the title of the First Amended Complaint. (Id. at p.1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-6655 PA (JCx) | Date | August 12, 2024 |
|---|---|---|---|
| Title | Lisa Morgan v. Disney Entertainment, LLC, et al. | | |

"termination" under the terms of the CBA(s), Plaintiff's claims focus on Defendants' alleged discriminatory actions during her employment and their motivations for ending Plaintiff's employment, not the meaning of the CBA(s)' terms. The basic legal issues presented by these claims can be decided without interpreting the CBA. As such, Plaintiff's FEHA, retaliation, and wrongful discharge claims are not preempted. See Brown, 571 F. App'x at 575 (holding that FEHA, retaliation, and wrongful termination claims were not preempted by LMRA, reasoning that claims focused on employer's actions and motivations and thus would not require interpretation of CBA terms); Arredondo v. S. Glazers Wine & Spirits, LLC, No. CV 22-8698-FMO-MAAX, 2023 WL 62787, at *2 (C.D. Cal. Jan. 4, 2023) (concluding that wrongful constructive discharge claim was not preempted by LMRA because it focused on defendants' motivations for terminating plaintiff and thus would not require interpretation of CBA).[2]

      Accordingly, the Court concludes that Defendant has failed to satisfy its burden to establish that § 301 of the LMRA preempts Plaintiff's state-law claim or that there is any other basis to confer federal question jurisdiction. For the foregoing reasons, the Court remands this action to Los Angeles County Superior Court, Case Number 24STCV02415, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

---

[2] Defendants, citing Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107 (9th Cir. 1999), argue that "[w]hen the resolution of a discrimination claim is contingent on a defendant's offer of a legitimate and nonretaliatory reason for its decision under a CBA, the claim is preempted" by § 301. (Docket No. 1 at 10.) The Court disagrees. In Audette, the plaintiffs alleged that the defendants had discriminated and retaliated against them by breaching a settlement agreement concerning the registration of workers to a certain class of work; the settlement agreement expressly incorporated the terms of an underlying CBA to define its terms and provide for enforcement. See Audette, 195 F.3d at 110. The Ninth Circuit determined that the plaintiffs' claims were preempted because the subject matter of the dispute–the worker registration–was covered by the CBA and because resolution of the discrimination and retaliation claims would substantially depend on interpretation of the CBA terms, as incorporated into the settlement agreement. See id. at 1112-13. Thus, the claims of the Audette plaintiffs were inextricably intertwined with the CBA in a way that Plaintiff's free-standing discrimination claims here are not.